UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DEWAYNE HIGDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-14-TS |
| | ) | |
| LAW FIRM OF LAUTZENHEISER | ) | |
| MYERS & HOLDMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Dewayne Higdon, a *pro se* plaintiff, filed this complaint along with a petition to proceed *in forma pauperis*. Higdon alleges that,

> The defendants Michael W. Lautzenheiser, Rick M. Myers, David A. Feeback, Kenton W. Kiracofe and the Law Firm of Lutzenheizer, Myers and Holdman have violated the plaintiff's civil rights under the 4th 5th 6th 8th and 14th Amendments: by using their part time positions, as Wells County Prosecutors under the color of state, to wage a personal vendetta, and to cause the defendant severe mental stress, and physical hardship in a malicious and criminal manner.

Compl. at 3, DE 1.

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

Because there is no federal statute of limitations for 42 U.S.C. § 1983 actions, courts apply the most appropriate state statute of limitations. Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). The Indiana statute of limitations applicable to § 1983 actions is the two-year period found in IND. CODE § 34-11-2-4. *Campbell v. Chappelow*, 95 F.3d 576, 580 (7th

Cir. 1996). Higdon recounts events which occured as far back as 1997, but the statute of limitations bars claims arising before January 2004, therefore those claims must be dismissed.

Though Higdon attempts to sue these defendants and their private law firm "in their personal and private capacity" (Compl. at 2, DE 1), his allegations make clear that their more recent actions stem from their role as prosecutors. Prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This immunity applies even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Therefore, even though he alleges that they are acting on a personal vendetta, because their actions were done in their role as prosecutors, they are immune from suit.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED on March 31, 2006.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT